```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
─────────────────────────────────────

ROBERT JAMES McCRANN, JR.,

                  Plaintiff,          22-cv-4383 (JGK)

      - against -               MEMORANDUM OPINION AND
                                                           ORDER
MARTIN O'MALLEY, COMMISSIONER OF
SOCIAL SECURITY,[1]

                  Defendant.

─────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Robert James McCrann, Jr., brought this action against the Commissioner of Social Security for past-due Social Security disability benefits. The action was successful, and the plaintiff was awarded past-due benefits in the amount of $84,730.52. <u>See</u> Notice of Award, ECF No. 50-3; <u>see also</u> Affirmation of Irwin M. Portnoy ("Portnoy Decl.") ¶ 7, November 2, 2023, ECF No. 50. The plaintiff's counsel, Irwin M. Portnoy, now seeks attorney's fees pursuant to 42 U.S.C. § 406(b). For the following reasons, the motion for attorney's fees is **granted**.

---

[1] The complaint named Kilolo Kijakazi, then the Acting Commissioner of Social Security, as the defendant. Compl., ECF No. 1. Martin O'Malley, the current Commissioner of Social Security, is automatically substituted for Kijakazi pursuant to Federal Rule of Civil Procedure 25(d).

**I.**

Unless otherwise noted, the following facts are undisputed and are taken from the Social Security Administration Administrative Record, ECF No. 16 ("Admin. Rec.").

The plaintiff filed an application for Social Security Disability Insurance ("SSDI") benefits on July 29, 2019. See Admin. Rec. 15. The Social Security Administration ("SSA") denied the plaintiff's application on January 9, 2020, and, after reconsidering the application, denied it again on November 12, 2020. See id. The plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a telephone hearing was held on June 23, 2021. See id. On August 9, 2021, the ALJ held that the plaintiff was not disabled. See id. at 25. The Appeals Council denied the plaintiff's request for review. See id. at 1.

The plaintiff retained counsel to contest the administrative ruling in federal court and agreed to pay counsel "twenty five percent . . . (25%) of all past due benefits" awarded to him in his case. See Portnoy Decl., App. 1, March 23, 2023, ECF No. 35-1.

The plaintiff filed this action on May 27, 2022. ECF No. 1. On March 15, 2023, the parties stipulated -- pursuant to sentence four of 42 U.S.C. § 405(g) -- and this Court ordered that the action be reversed and remanded to the Commissioner of Social Security. ECF No. 32. On April 7, the Court awarded

attorney's fees to the plaintiff's counsel pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 39.

The SSA Appeals Council subsequently remanded the action to an ALJ for further proceedings. See Portnoy Decl. ¶ 4, ECF No. 50. On remand, that ALJ found that the plaintiff was disabled and approved the plaintiff for benefits. See id. ¶ 5.

On October 7, 2023, the SSA issued a Notice of Award informing the plaintiff that he was awarded $84,730.52, of which $28,298.48 would be withheld for attorney's fees. See Notice of Award, ECF No. 50-3. The plaintiff's counsel filed a motion for attorney's fees in the amount of $18,682.63 pursuant to 42 U.S.C. § 406(b). ECF No. 49.

**II.**

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"[2] 42 U.S.C. § 406(b)(1)(A). A contingent-fee agreement is the "primary means by which fees are set for successfully representing Social Security benefits

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

3

claimants in court." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Because "a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case[.]" Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Thus, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases[,]" with the one limit that "[a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Gisbrecht, 535 U.S. at 807.

In evaluating whether a contingency fee arrangement is reasonable, courts should consider "a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, and c) whether there was fraud or overreaching in the making of the contingency agreement." Fields v. Kijakazi, 24 F.4th 845, 849 (2d Cir. 2022). At bottom, however, district courts "are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters . . . ordinarily qualify for highly respectful review." Gisbrecht, 535 U.S. at 808.

Courts must also consider whether a contingency fee award would result in a windfall. See Fields, 24 F.4th at 849. To

4

evaluate whether such an award would constitute a windfall, factors to consider are (1) "the ability and expertise of the lawyers[,]" (2) "the nature and length of the professional relationship with the claimant[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id. at 854-55.

The contingency fee arrangement in this case is reasonable. The plaintiff's counsel seeks an award that is less than the twenty-five percent cap set by section 406(b). Neither party claims that the plaintiff's counsel has been substandard in representing the plaintiff. Indeed, the plaintiff's counsel helped secure a favorable outcome for the plaintiff after the plaintiff's claim was denied in the administrative forum. There is no indication that the plaintiff's counsel caused undue delay, acted fraudulently, or overreached when making the contingency agreement.

Nor does the contingency fee provide a windfall for the plaintiff's counsel. The plaintiff's counsel seeks an award equivalent to a non-contingency rate of $200.93. See Portnoy Decl., App. 4, ECF No. 35-4 (reporting 92.98 hours of legal services). Such an award is quite reasonable in light of other awards in this Circuit. See Eric K. v. Berryhill, No. 15-cv-845, 2019 WL 1025791, at *3 (N.D.N.Y. Mar. 4, 2019) (awarding fees at

5

an effective hourly rate of $1,500); Kazanjian v. Astrue, No. 09-cv-3678, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (awarding fees at an effective hourly rate of $2,100).

Nothing indicates that the plaintiff is dissatisfied by this representation nor by any of the services provided by the plaintiff's counsel. Absent counsel, the award of benefits was highly uncertain, given that the plaintiff's application for SSDI benefits was initially denied by the ALJ and the Appeals Council. Accordingly, the fee requested by the plaintiff's counsel is reasonable.

### III.

When counsel receives fees under both 406(b) and the EAJA, counsel should return to the plaintiff the lesser amount of the two awards of attorney's fees. See Gisbrecht, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee[.]"). Here, the plaintiff's counsel has already been awarded attorney's fees under EAJA in the amount of $10,550. ECF No. 39. Accordingly, the plaintiff's counsel must refund $10,550 to the plaintiff, because that is the smaller of the two awards. See also Mirante v. Kijakazi, No. 20-cv-4051, 2023 WL 6602210, at *4 (S.D.N.Y.

6

Oct. 9, 2023) (ordering the plaintiff's attorney to return the previous EAJA award after awarding the withheld benefits net of the administrative attorney's award).

## CONCLUSION

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. The plaintiff's motion for attorney's fees is **granted**. Pursuant to 42 U.S.C. § 406(b), the plaintiff's counsel is to be awarded the $18,682.63 withheld by the Social Security Administration from past-due benefits received by the plaintiff. The plaintiff's counsel shall refund $10,550.00, the amount in attorney's fees the plaintiff's counsel received under the EAJA, to the plaintiff. The Clerk is directed to close ECF No. 49.

SO ORDERED.

Dated:  New York, New York
        February 9, 2024

_____
John G. Koeltl
United States District Judge

7